Filed 7/22/24  P. v. Johnson CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B331851 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA080471) |
| v. | |
| ANTHONY JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Kathy S.

Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Defendant and appellant Anthony Johnson was convicted of attempted first degree murder in 2005. Johnson now appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1] The trial court concluded Johnson did not make a prima facie showing of eligibility for resentencing because the jury's verdict conclusively established he was the actual shooter and acted with express malice aforethought. Johnson contends the trial court erred because he may have been able to present new evidence demonstrating that he was not the actual shooter and that he did not act with intent to kill. We affirm the order denying Johnson's petition for resentencing.

**FACTUAL AND PROCEDURAL BACKGROUND**

*The underlying offense*

We take our statement of the facts underlying Johnson's crime from the Court of Appeal opinion affirming the judgment of conviction. (*People v. Johnson* (Oct. 25, 2006, B187545) [nonpub. opn.] (*Johnson*).)[2]

_____

[1] All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the law as section 1172.6 for the remainder of this opinion.

[2] We refer to the Court of Appeal opinion only "for background purposes and to provide context for the parties' arguments." (*People v. Flores* (2022) 76 Cal.App.5th 974, 978,

"1. Prosecution evidence

"On the night of July 17, 2005, [fn. omitted] Lace O. was at home when there was a knock on the front door. When Lace opened it, she saw defendant Johnson and Joseph Boyd standing on her doorstep. She knew both men well because she had grown up with them.

"Boyd asked about Lace's brother. Lace thought this was odd because her brother had been gone for a year and a half. While they were talking, John Martinez walked up. Lace was also well-acquainted with Martinez. Lace spoke to Boyd for less than a minute. Johnson did not say anything, but he suddenly pulled a handgun from his pocket and pointed it at Lace. Lace turned and ran. Johnson fired five shots, hitting Lace twice. She fell to the floor and pretended to be dead. The three men fled."[3] Lace O. survived her injuries.

### *The underlying proceedings*

The People charged Johnson with one count of attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a)). The information also alleged that Johnson personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subds. (b)–(d)).

In 2005, a jury convicted Johnson of attempted willful, deliberate, and premeditated murder and found true the three firearm allegations. The trial court sentenced Johnson to

---

fn. 2.) We do not rely on the facts in the opinion to review the trial court's determination of Johnson's eligibility for resentencing at the prima facie stage. (*Id*. at p. 988.)

[3]     In the defense's case at trial, Johnson called an alibi witness who testified that she and Johnson were out of town together on the day of the shooting. (*Johnson, supra*, B187545.)

consecutive terms of life with the possibility of parole on the attempted murder count and 25 years to life on the firearm enhancement under section 12022.53, subdivision (d). The court stayed the sentences on the remaining firearm enhancements.

***Resentencing proceedings***

In November 2021, Johnson filed a habeas petition requesting that the trial court resentence him under section 1172.6. The trial court denied Johnson's petition for failing to make a prima facie case of eligibility.[4] The trial court stated that "[a] review of the jury instructions confirms that the trial court did not give aiding and abetting instructions. In fact, it instructed only on one theory of attempted murder – 'express malice aforethought,' which the court defined as 'a specific intent to kill unlawfully another human being.' (CALJIC 8.66.)" The court concluded that the jury "undoubtedly convicted" Johnson of attempted murder as the actual shooter under a theory of express malice.

## DISCUSSION

**I.      Senate Bills Nos. 1437 and 775 and Section 1172.6**

In 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to

---

[4]      In 2022, Johnson filed a second petition for resentencing of his attempted murder conviction. The trial court found that it had already denied this request in Johnson's first petition for resentencing, even though that petition predated the effective date of Senate Bill No. 775 (2021–2022 Reg. Sess.). The court made the same findings on Johnson's second petition as it had on his first petition.

kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see also *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) The bill amended section 188 by adding the requirement that, except as stated in section 189, subdivision (e), "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Senate Bill No. 775 expanded Senate Bill No. 1437's mandate, in part, by eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of attempted murder. (Senate Bill No. 775, § 1; § 1172.6, subd. (a).)

Senate Bills Nos. 1437 and 775 created the section 1172.6 procedure, which provides resentencing relief to persons convicted of qualifying offenses under the former law who could no longer be convicted of those offenses under amended section 188. (*Lewis, supra*, 11 Cal.5th at p. 959; *Gentile, supra*, 10 Cal.5th at p. 847.) After the filing of a petition and briefing by the parties, the court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

5

## II. Prima Facie Stage and Standard of Review

At the prima facie stage, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "While the trial court may look at the record of conviction . . . to determine whether a petitioner has made a prima facie case for section [1172.6] relief," courts may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at pp. 971, 972.) Rather, "[t]he record should be consulted at the prima facie stage only to determine 'readily ascertainable facts,' such as the crime of conviction and findings on enhancements." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Ervin* (2021) 72 Cal.App.5th 90, 106 (*Ervin*).) The court may make credibility determinations adverse to a petitioner only if the record of conviction " ' "contain[s] facts refuting the allegations made in the petition . . . ." ' " (*Lewis*, at p. 971.)

As relevant here, a petitioner fails to make a prima facie showing for relief "if the record of conviction conclusively establishes . . . that . . . the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) The trial court's denial of a resentencing petition at the prima facie stage " 'is a purely legal conclusion,' " which appellate courts review de novo. (*Ervin*, *supra*, 72 Cal.App.5th at p. 101.)

## III. The Record of Conviction Conclusively Establishes Johnson is Ineligible for Relief

Johnson contends the trial court erred in denying his petition at the prima facie stage. We disagree.

The jury's verdict conclusively establishes that it found Johnson harbored express malice as the actual shooter. Johnson does not dispute that the trial court instructed the jury solely on the theory that it had to find Johnson acted with express malice aforethought, or the specific intent to kill, to convict him of attempted murder.[5] (CALJIC No. 8.66; *People v. Lee* (2003) 31 Cal.4th 613, 623 ["Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing"].) Additionally, the jury found that Johnson acted willfully, deliberately, and with premeditation in the commission of the attempted murder, meaning the jury necessarily found Johnson acted with express malice. (See *People v. Young* (1987) 189 Cal.App.3d 891, 910 [a verdict of willful, deliberate, and premeditated murder "necessarily rested on a jury finding that appellant acted with express malice"].) By convicting Johnson of attempted first degree murder and finding that he personally and intentionally used a firearm causing bodily injury, the jury's verdict unambiguously found Johnson guilty of attempted murder as the actual shooter personally harboring the specific intent to kill.

Johnson does not argue that the jury instructions were erroneous or otherwise dispute that the record of conviction *excludes* the possibility that the jury convicted him of first degree attempted murder under an invalid theory. Instead, he contends that, at an evidentiary hearing, he may have been able to present new evidence that would show he was not the actual shooter—

---

[5]     Although no jury instructions were submitted as part of the record on appeal, neither party disputes the trial court's characterization of the jury instructions in its order denying Johnson's petition.

7

based on a purported misidentification by the victim—or that he "lacked a culpable mental state."

These arguments fundamentally misunderstand the scope of section 1172.6.[6]  Section 1172.6 does not afford a petitioner an opportunity to establish that, given the chance to present new evidence, he might be able to undermine the factual basis for a conviction that is otherwise legally valid under the amended law. Instead, the law is limited to providing relief only to those individuals who could no longer be convicted of murder because of the changes to the malice requirement reflected in amended sections 188 and 189.  (*People v. Mares* (2024) 99 Cal.App.5th 1158, 1166 [petitioner failed to show he could not be convicted today " 'because of' " changes to malice requirement in § 188 and § 189], review granted May 1, 2024, S284232; *People v. Daniel* (2020) 57 Cal.App.5th 666, 678 [rejecting claim that evidentiary hearing was required to allow petitioner to present new evidence that might undermine finding he was the actual killer].)  Johnson has advanced no theory that would bring his contentions within the scope of section 1172.6.

Indeed, as our high court has explained, section 1172.6 "strongly suggests" the Legislature intended trial courts to consider "many, and perhaps most," prior jury findings on resentencing, whether adverse or favorable to a defendant. (*Strong*, *supra*, 13 Cal.5th at p. 715; cf. *People v. Curiel* (2023) 15 Cal.5th 433, 465 [a court giving effect to preclusive jury findings does not engage in factfinding].)  The statute does not reflect a

---

[6]  Because we address the merits of Johnson's argument, we need not resolve whether he forfeited the issues he asserts on appeal by failing to raise them at the hearing on his petition, or whether this failure constituted ineffective assistance of counsel.

legislative intent "to permit wholesale relitigation of findings supporting murder convictions" in resentencing proceedings. (*Strong*, at p. 715; *People v. Coley* (2022) 77 Cal.App.5th 539, 549 ["[A] section [1172.6] petition is not a means by which a [petitioner] can relitigate issues already decided"].)  The trial court therefore properly gave effect to the jury's findings that Johnson was the actual shooter, and acted with specific intent to kill, to conclude he did not establish a prima facie case for relief.

Johnson cites the *Lewis* decision's reliance on *People v. Drayton* (2020) 47 Cal.App.5th 965 (*Drayton*), a habeas case, to argue that the trial court should have evaluated his prima facie case "notwithstanding" factual issues resolved against him by the jury.  Johnson misinterprets the case law.  The *Lewis* court cited *Drayton* for the proposition that courts must take a petitioner's factual allegations as true at the prima facie stage.  But the *Lewis* court also adopted from *Drayton* the qualifier that when the record of conviction " ' "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971, citing *Drayton*, at p. 979.) *Lewis* therefore confirms that the trial court may find a petition's allegations not credible at the prima facie stage when facts conclusively established by the record of conviction contradict those allegations.

Here, the jury's verdict conclusively established that the jury found Johnson was the actual shooter and that he acted with the specific intent to kill.  The trial court properly gave effect to these findings to conclude Johnson failed to establish prima facie eligibility for resentencing relief.

9

## IV. Johnson Has Not Established a Violation of His Constitutional Rights

Finally, Johnson argues that the trial court's denial of his petition at the prima facie stage violated his federal and state rights to equal protection and due process, and federal and state prohibitions against cruel and unusual punishment. These arguments are unavailing.

A petitioner is entitled to an evidentiary hearing only if undisputed facts contained in the record of conviction do not demonstrate the petitioner's ineligibility for relief as a matter of law. (§ 1172.6, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 971–972.) In this case, the record of conviction conclusively establishes Johnson is ineligible for resentencing under section 1172.6. Therefore, he is not similarly situated to other petitioners who are entitled to an evidentiary hearing under the statute. (*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565 ["only those persons who are similarly situated are protected from invidiously disparate treatment" under equal protection clause].) Johnson states no other basis for his argument that the denial of his petition violated his substantive due process rights or the prohibition against cruel and unusual punishment.

Additionally, Johnson's only procedural due process argument is that the trial court unlawfully deprived him of his liberty interest in resentencing relief by erroneously denying his petition before a hearing. As explained above, we find no error in the trial court's conclusion that Johnson failed to make the requisite prima facie showing of eligibility for resentencing. Johnson does not challenge the constitutionality of the procedures in section 1172.6 or state any other basis for his procedural due process claim.

**DISPOSITION**

The order denying the petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

BERSHON, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.